UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIFF OFOSU, on behalf of himself and others similarly situated, | ) ) | Case No.: |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| FORSTER, GARBUS & GARBUS, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff, Cliff Ofosu ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.       Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in New Jersey.

5.      Forster, Garbus & Garbus ("Forster") is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Foster's principal place of business is located at 7 Banta Place Hackensack, New Jersey 07601.

## FACTUAL STATEMENT

6.     Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

7.     LVNV Funding LLC ("LVNV") is a debt buyer. It is directly engaged in purchasing debts in amounts less than $50,000 and attempting to collect upon those debts against consumers. As such, it is a "consumer lender" as defined in N.J.S.A § 17:11C *et seq.*

8.     On April 4, 2017, Forster filed suit against Plaintiff on behalf of LVNV, MER-DC-001949-17, for a personal credit card debt allegedly due and owing.

9.     Forster falsely represented to the court and Plaintiff that LVNV was in fact legally allowed to collect, and sue, on said debt. That is not the case.

10.     In New Jersey, before a "consumer lender" may collect a debt, they must be licensed to do so under the New Jersey Consumer Finance Licensing Act ("NJCFLA").

11.     LVNV was not a registered "consumer lender" at the time Forster filed suit.

12.     Further, LVNV has known for years of the requirement that it be licensed, but instead chose to continue its deception by continuing to collect debts which it is not entitled to, through its own conduct or the conduct of others. *See Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014).

13.     By presenting to Plaintiff and the Court that LVNV was allowed to collect on her debt, when in fact LVNV was prohibited from doing so by law, Forster has violated the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

14.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

15.     Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a New Jersey address that were sued by Defendant, concerning personal debts, on behalf of LVNV Funding LLC, while LVNV Funding LLC did not maintain a New Jersey consumer lender license, within one year prior to the filing of this complaint.**

16.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17.     Upon information and belief, Defendant has illegally sued over one hundred consumers within the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18.     The suits filed by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether

the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

21.    The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23.    Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

31.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

32.    Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

33.    Defendant's collection lawsuits are false, deceptive and misleading, in that they misrepresented LVNV's right to collect any debt from Plaintiff. This conduct violates the below provisions of the FDCPA.

34.    Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)  The false representation of--**

**(A)  the character, amount, or legal status of any debt;**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

35.    Section 1692f provides:

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, Plaintiff, Cliff Ofosu, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiffs as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

B. Enter judgment against Defendants for actual and statutory damages, for Plaintiff and each member of the class;

C. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D. Grant such other and further relief as may be just and proper.

Dated:       March 13, 2018
             Kearny, New Jersey

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
**Zemel Law LLC**
78 John Miller Way
Suite 430
Kearny, New Jersey 07032
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff